IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY (at Frankfort)

| | | |
|---|---|---|
| **ANDREW COOPERRIDER, et. al.** | : | Case No.: _____ |
| Plaintiffs | : | |
| v. | : | |
| **ANDREW BESHEAR, et. al.** | : | |
| Defendants | : | |

## MOTION TO PERMIT CERTAIN PLAINTIFFS TO PROCEED USING "JOHN DOE" DESIGNATIONS

Plaintiffs, by and through Counsel, move to permit John Doe 1-3 Plaintiffs to proceed anonymously. The plaintiffs' privacy interests substantially outweigh the presumption of open judicial proceedings, because pseudonymity is necessary to protect these plaintiffs from retaliation, injury, and harassment. For these reasons and those included in the attached Memorandum in Support, Plaintiffs respectfully request the Court issue an order granting them leave to proceed in this civil action through the use of pseudonyms.

Respectfully Submitted,

/s/Christopher Wiest
Christopher Wiest (KBA 90725)
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513.257.1895
*Counsel for the Beshear Petitioners*

/s/Anna Whites
Anna Whites
327 Logan Street
Frankfort, KY 40601
502.229.1063
*Counsel for the Cameron and Goforth Petitioners*

1

## MEMORANDUM IN SUPPORT

I.  **BACKGROUND AND STATEMENT OF FACTS**

As the Complaint in this matter makes clear, this matter involves claims of important constitutional concern with a statute that foists significant liabilities on persons who petition the legislature for redress of grievances, based on the content and viewpoint of those petitions. (Ver. Compl.). Among those Plaintiffs include three persons who participated as grand jurors in a grand jury proceeding that has generated national and international press coverage. *Id.* To date, and in accordance with Kentucky law, they have maintained their anonymity. Without being able to proceed anonymously, they will be forced to choose to face a unconstitutional liability, or to challenge and reveal their identities to the public.

II.  **LAW AND ARGUMENT**

Ordinarily, a complaint must state the names of all parties under Fed. R. Civ. P. 10(a). *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). However, plaintiffs may be excused from identifying themselves in certain circumstances, when the plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *Id*. In making this determination, the Court should consider:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id*.

Plaintiffs are suing to challenge governmental activity. And prosecution of this suit would compel these Plaintiffs to disclose information "of the utmost intimacy" – their participation in a grand jury proceeding that has generated national and international attention.

2

In assessing this second factor, the Court can consider whether plaintiffs would need to disclose a belief about a particularly sensitive topic that could subject them to considerable harassment. See Doe v. Porter, 370 F.3d at 560.

And, Kentucky Rule of Criminal Procedure 5.24 makes clear that "all persons present during any part of the proceedings of a grand jury shall keep its proceedings and the testimony given before it secret." Further, "A violation of this Rule 5.24 shall be punishable as a contempt of court." Thus, the revealing of these John Doe Plaintiffs identities can constitute a violation of the law, which meets the next *Porter* factor, whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution. Finally, we acknowledge that these Plaintiffs are not children, but their children could be affected by revealing their identity.

These three Plaintiffs should be permitted to continue their status anonymously. Further, because their Counsel is a party to this suit, who can provide any relevant information that might be sought, there can be no prejudice to the Defendants of their participation.

### III.  Conclusion

The motion to proceed anonymously, for these three Plaintiffs, should be granted. A proposed order is attached.

Respectfully Submitted,

/s/Christopher Wiest  
Christopher Wiest (KBA 90725)  
25 Town Center Blvd, Ste. 104  
Crestview Hills, KY 41017  
513.257.1895  
*Counsel for the Beshear Petitioners*

/s/Anna Whites  
Anna Whites  
327 Logan Street  
Frankfort, KY 40601  
502.229.1063  
*Counsel for the Cameron and Goforth Petitioners*

**CERTIFICATE OF SERVICE**

I certify that I have served the foregoing via the Court's CM/ECF system, which will provide notice to all counsel or parties of record; I will also serve this motion on the opposing parties with the service of the Complaint and summons in this matter, this 15 day of March, 2021.

/s/Christopher Wiest