IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY (at Frankfort)

| | | |
|---|---|---|
| **ANDREW COOPERRIDER, et. al.** | : | Case No.: _____ |
|     **Plaintiffs** | : | |
| **v.** | : | |
| **ANDREW BESHEAR, et. al.** | : | |
|     **Defendants** | : | |

## GOFORTH AND CAMERON PETITIONERS' MEMORANDUM IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF AND TEMPORARY RESTRAINING ORDER

\*\*\*\*

Come the Petitioners in the Cameron and Goforth matters, and in support of the joint motion for injunctive relief and temporary restraining order, would show the Court as follows:

The statute at issue, KRS 63.070(1), requires immediate payment of whatever "costs" the legislative committee chooses to assign to a petitioner. "Costs" are not defined in the statute. The statute references "the petitioner shall be liable to witnesses and to the accused for the costs of investigation before the committee." In the Cameron matter there were no witnesses before the Committee and no costs were assessed by the accused. Despite those facts, the Legislative Committee itself is charging petitioners for its own outside counsel, legislative staff time, and Kentucky state police time. None of those costs are permitted by statute and none of those costs apply to "liability to witnesses" or to the accused.

In the Goforth matter the accused did not appear and thus had no costs. The legislative committee hired outside counsel and is demanding reimbursement for its own legislative counsel, staff and police protection. In addition, the legislative committee hired two additional lawyers and claimed those individuals were "expert witnesses", although those lawyers were not

1

available for cross-examination by petitioners or the accused and did not serve the petitioner or the accused as witnesses. Those individuals do not fit the definition of a witness to whom the petitioner may be liable for costs. The demand that petitioners pay the legislature for its own internal costs is without merit and will cause significant immediate harm to petitioners, Plaintiffs herein.

The law has been applied to inflict partisan financial harm upon certain citizens and not others. The law has been applied to fine citizens in a manner that provides for disparate or disproportionate impact based on the wealth of the petitioner. The legislature has complete discretion over how many internal costs it chooses to incur in handling a petition and whether to bill those to any petitioner before it. Free speech should not be a freedom available only to those who can afford whatever costs the state actor chooses to impose for such free speech. Plaintiffs are being punished under state law for exercising rights guaranteed by both the Kentucky and the federal constitution. Such inappropriate financial harm should not be permitted by this Court.

Immediate relief is required to protect the Plaintiffs. Plaintiffs will suffer harm if the TRO is not awarded, both in terms of ruinous financial costs and in terms of the deprivation of constitutional rights. This harm to citizens far outweighs any temporary inconvenience incurred by the state if it is not able to immediately bill persons bringing impeachment matters before the legislature. Plaintiffs have fulfilled the requirement that they show injury from unfettered imposition of the unlawful state action as required by *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "'[w]hen First Amendment rights are implicated, the factors for granting a preliminary injunction essentially collapse into a determination of whether restrictions on First Amendment rights are justified to protect competing constitutional rights.'..." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219,

226-27 (6th Cir.1996). In the present case, the requested relief will bar unconstitutional penalties which are threatened against Plaintiffs until this Court can review the matter and determine the respective rights of the parties.

KRS 63.070(3) as written provides for enforcement of a costs award within five (5) days. The sums demanded are significant and Plaintiffs are without sufficient financial resources to pay those within five days without suffering severe financial damage. Plaintiffs are citizens who raised matters of significant public concern in good faith before the legislature. Plaintiffs object to being financially penalized for exercising constitutional rights permitted under state and federal law. Defendants will not be harmed by imposition of injunctive relief as they are state actors and the state is able to bear a delay in receipt of any legally permissible costs without harm. Official-capacity lawsuits are, in all respects other than name, to be treated as lawsuits against the government entities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

This Court has discretion to review the equities and the harm incurred by Plaintiffs in the absence of a temporary restraining order and injunctive relief. *Tyson Foods, Inc. v. McReynolds*, 865 F.2d 99, 101 (6th Cir.1989); *Martin-Marietta Corp. v. Bendix Corp.*, 690 F.2d 558, 564 (6th Cir.1982). The equities of the parties justify the temporary injunction and the court is fully justified in its issuance. *Harrison's Sanitarium Inc. v. Commonwealth of Kentucky*, 417 S.W.2d 137 (Ky. 1967).

For the foregoing reasons Petitioners ask that this Court grant them a temporary restraining order (TRO) that holds any fee, costs or financial penalty demand by the legislature or the state in abeyance during pendency of this litigation.

Respectfully Submitted,

/s/Anna Whites
Anna Whites Law Office
327 Logan Street
Frankfort, KY 40601
502.352-2373
*Counsel for the Cameron and Goforth Petitioners*

**CERTIFICATE OF SERVICE**

I certify that I have served the foregoing via the Court's CM/ECF system, which will provide notice to all counsel or parties of record; I will also serve this motion on the opposing parties with the service of the Complaint and summons in this matter, this 15 day of March, 2021.

/s/Anna Whites