UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

*Electronically Filed*

| | |
|---|---|
| **ANDREW COOPERRIDER**, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 3:21-cv-00012-GFVT<br>) |
| **ANDY BESHEAR**, in his official capacity as Governor of the Commonwealth of Kentucky, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**REPLY IN SUPPORT OF THE MOTION TO DISMISS**

The Governor offers what should be some relief to Plaintiffs. In his Motion to Dismiss, the Governor confirmed that pursuant to KRS 63.070, the House Clerk taxes costs associated with an impeachment proceeding and may recover those costs in circuit court. The Governor plays no role in the enforcement of KRS 63.070, or any of the impeachment statutes. Impeachment and collection of the costs associated with an impeachment proceeding is a function of the legislative branch. Based on this fact alone, this Court should grant the Governor's Motion to Dismiss.

In their Response, Plaintiffs seek to establish a case or controversy under two theories: (1) despite KRS 63.070 and the Governor's affirmation that he does not enforce its provisions, the Governor is entitled to collect any costs taxed by the House Clerk and (2) the Governor "continu[es] to demand for penalties from not just the Petitioners who questioned him, but any other person the legislature sent a bill to." (R. 22, Page ID#: 166.) The first theory misconstrues the express language of KRS 63.070. The second theory misconstrues the facts in the record.

Plaintiffs rely on two subsections of KRS 63.070 to argue the Governor may collect a bill taxed by the House Clerk: KRS 63.070(1), providing that the petitioner "shall be liable to witnesses and to the accused for the costs of investigation before the committee[;]" and KRS 63.070(3) stating, "Costs taxed pursuant to this section may be recovered on motion, after five (5) days' notice, in a Circuit Court." However, the petitioner is liable only through taxation of costs by the House Clerk. *See* KRS 63.070. Thus, even if the Beshear Petitioners are liable to the Governor – as the accused – that liability subjects them to injury only if the House Clerk taxes those costs. Moreover, upon that taxation, KRS 63.070 provides no express authority for the Governor to collect taxes imposed by the House Clerk. Plaintiffs point to no other authority that would allow the Governor to collect a bill taxed by the legislative branch of the state government.

Because they can cite no authority for the Governor to collect a tax imposed by the House Clerk, Plaintiffs argue under the second theory that the "Governor actually attempted the first part of this 'recovery' when he filed with the House" his costs. (R. 22, Page ID#: 166.) Plaintiffs solely rely on the Governor's Bill of Costs – a document requested by the 2021 R.S. Impeachment Committee – in which the Governor "respectfully requests the Committee to award these costs pursuant to KRS 63.070, and to order the remaining Petitioners to reimburse the Commonwealth for these expenses." Plaintiffs fail in their attempt to conjure a case or controversy as to the Governor by characterizing the document as a "threat."

To be clear, the Governor never sought to enforce KRS 63.070 against the Beshear Petitioners. As stated in the Motion to Dismiss and above, KRS 63.070 is a function of the legislative branch. The Bill of Costs is clear: the Governor ***requested*** the Committee to award the

2

costs and order payment. If anything, it reaffirms the Governor's position that the legislative branch enforces the provisions of KRS 63.070 and can hardly constitute a threat of enforcement.

Plaintiffs also make the extraordinary claim that "where the Governor is an accused under the statute, he is 'actively involved with administering' the statute." (R. 22, Page ID#: 168 (quoting *Doe v. Dewine*, 910 F.3d 842, 849 (6th Cir. 2018)). Although absurd on its face, that argument discounts the Impeachment Committee record, which demonstrates that the Committee requested every action the Governor took. Moreover, if that is Plaintiffs' theory then they have failed to name indispensable parties to this action: Attorney General Daniel Cameron and Representative Robert Goforth. *See* CR 12.02(g), CR 19.01. Plaintiffs also accused Attorney General Cameron and Representative Goforth and thus both would be similarly actively involved with administering KRS 63.070.[1]

Plaintiffs also mischaracterize the Governor's abstention arguments. (*See* R. 22, Page ID#: 168) (claiming the Governor seeks to enforce KRS 63.070 in state court).) As explained in the Motion to Dismiss, in this action Plaintiffs request this Court to intervene in state proceedings that have yet to conclude and could conclude in Plaintiffs' favor so as to render this action moot. If the House Clerk does not tax Plaintiffs or does not seek to collect the taxed bill in the impeachment proceedings, Plaintiffs' claims would be moot. Indeed, the Beshear Petitioners challenged the types of costs KRS 63.070 permits to be taxed in the impeachment proceedings.

Finally, Plaintiffs erroneously rely on *Gray v. Bush* to assert that "abstention involves a state, not a dismissal." (R. 22, Page ID#: 170.) *Gray* involved application of *Burford* abstention to a case arising under the court's diversity jurisdiction. 628 F.3d 779 (6th Cir. 2010). In a

---

[1] Plaintiffs presumably did not name either the Attorney General or Representative Goforth as defendants because they did not submit a bill of costs to the Impeachment Committee. But under Plaintiffs' theory, that is not a material difference. Regardless, the Governor affirmed in the Motion to Dismiss, and again here, that not only will he not enforce KRS 63.070, he cannot enforce KRS 63.070.

3

diversity case, where jurisdiction is expressly conferred upon the courts, *Burford* abstention only permits a stay. *Id*. at 783. But, as the Sixth Circuit noted, in other cases where "district courts already have discretion to dismiss a case, as in equity cases, or declaratory judgment actions," courts may "dismiss a case under *Burford* because the courts already may deny relief altogether." *Id*. at 784 (citing *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311–12 (1982), *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, (1995), *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996)). Here, as Plaintiffs ask this Court to provide declaratory and injunctive relief, it may appropriately dismiss this case under the *Burford* abstention doctrine, as well as any of the other abstention doctrines the Governor raises in his Motion to Dismiss.

## CONCLUSION

For the reasons set forth in the Motion to Dismiss and in this Reply, the Governor respectfully requests this Court dismiss him as a defendant in this action, with prejudice.

*/s/Marc G. Farris*
Amy D. Cubbage
General Counsel
S. Travis Mayo
Chief Deputy General Counsel
Taylor Payne
Marc Farris
Laura C. Tipton
Deputies General Counsel
Office of the Governor
700 Capitol Building, Suite 106
Frankfort, Kentucky 40601
Phone: 502-564-2611
Amy.Cubbage@ky.gov
Travis.Mayo@ky.gov
Taylor.Payne@ky.gov
Marc.Farris@ky.gov
LauraC.Tipton@ky.gov

*Counsel for the Governor*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 17, 2021 the foregoing Reply was electronically filed with the Clerk of this Court and served to counsel of record via the Court's CM/ECF system. Parties may access the filing through the court's CM/ECF system.

                                                                 /s/*Marc G. Farris*
                                                                 *Counsel for the Governor*