UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | ) | |
|---|---|---|
| ANDREW COOPERRIDER, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | Civil No. 3:21-cv-00012-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ANDREW BESHEAR, in his official capacity, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Plaintiffs' Motion for Certain Plaintiffs to Proceed Using "John Doe" [R. 2.] Prior to the filing of this suit, three separate groups of citizens submitted impeachment petitions with the Kentucky House of Representatives. [R. 3 at 4.] One of these groups, comprised of members including John Does 1-3, sought the impeachment of Attorney General Daniel Cameron, "for, among other things, grievances related to his handling of the investigation and presentation of evidence before the Jefferson County Grand Jury related to the death of Breonna Taylor." *Id.* at 6. On February 23, 2021, each impeachment petition was dismissed and the dismissals "indicated an intention to tax the 'cost of investigation' to Petitioners in all three petitions […]." *Id.* at 3. In response, Plaintiffs filed suit to prevent these costs from being imposed. *See id.* All but three plaintiffs, John Does 1-3, filed suit using their legal name. Now, John Does 1-3 request permission to proceed through this litigation without revealing their identity. [R. 2.] Because Defendants did not respond to this Motion, the Court surmises that they are not opposed to its granting.

Parties must generally proceed under their own names, Fed. R. Civ. P. 10(a), but the Court may permit a party to proceed under a pseudonym by granting a protective order. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). To determine whether such an order is warranted, the Court considers:

(1) whether the plaintiff is suing to challenge governmental activity;

(2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy";

(3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and

(4) whether the plaintiff is a child.

*D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). Here, the first factor strongly weighs in favor of granting the requested relief because the Plaintiffs are suing to challenge the validity of a statute. *See G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (noting that the governmental activity factor "usually applies to cases in which the plaintiff challenges governmental activity such as a policy or statute.").

The second factor also weighs in favor of granting the requested relief. Prior to filing their impeachment petition, John Does 1-3 were jury members in the grand jury proceeding in which charges against the police officers involved in the death of Breonna Taylor were presented. [R. 2 at 3.] This grand jury proceeding has created significant local and national interest and resulted in a plethora of divided opinions. To this date, the grand jurors have maintained their anonymity and argue that, without a protection order, they will be required to choose between revealing their identity or paying costs which they believe to be unconstitutional. *See id.* at 2. Sixth Circuit case law supports this

position. *See Doe v. Porter*, 370 F.3d 558, 560 (finding a protective order appropriate to prevent requiring "[p]laintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment.")

Regarding factor three, Kentucky Rule of Criminal Procedure 5.24 mandates that "all persons present during any part of the proceedings of a grand jury shall keep its proceedings and the testimony given before it secret" and "[a] violation of this Rule 5.24 shall be punishable as a contempt of court." Ky. R. Crim. P. 5.24. John Does assert that they have maintained anonymity to prevent any potential legal repercussions caused by their revealing of details and request this anonymity to remain permitted. [*See* R. 2 at 3.] Finally, factor four is inapplicable because no children are involved in this litigation. Upon review, it is evident that requiring John Does 1-3 to reveal their identities would subject them to significant harm. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiffs' Motion [R. 2] is **GRANTED**.

This the 19th day of May, 2021.

Gregory F. Van Tatenhove
United States District Judge