UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ANDREW COOPERRIDER, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CASE NO. 3:21-cv-00012-GFVT |
| ) | |
| ANDREW BESHEAR, in his official ) | |
| capacity, *et al.* ) | |
| ) | |
| Defendants. ) | |

## ANSWER

The Defendant, Melissa Bybee-Fields, through her undersigned counsel, respectfully responds as follows to the Plaintiffs' Complaint in this case:

1. Paragraph 1.   The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

2. Paragraph 2.   The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

3. Paragraph 3.   The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

4. Paragraph 4.   Ms. Fields is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations.  To the extent an answer may be required, Ms. Fields denies

same.

5. Paragraph 5.    Ms. Fields is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, Ms. Fields denies same.

6. Paragraph 6.    Ms. Fields is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, Ms. Fields denies same.

7. Paragraph 7.    Ms. Fields is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, Ms. Fields denies same.

8. Paragraph 8.    Admit.

9. Paragraph 9.    Ms. Fields admits the allegations in this paragraph that she is the Clerk of the Kentucky House of Representatives and that the Plaintiffs have solely named her in her official capacity. However, Ms. Fields does not admit to any legal conclusions relating to KRS 63.070 or her duties thereunder. Ms. Fields also specifically asserts she is entitled to legislative immunity for any acts or omissions she may have taken related to the impeachment petitions filed by the Plaintiffs.

10. Paragraph 10.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same. Additionally, Ms. Fields specifically denies that the Plaintiff have properly asserted

allegations giving this court subject matter jurisdiction over the Plaintiffs' claims, particularly claims dependent on the Constitution of the Commonwealth of Kentucky, and because the Plaintiffs lack standing, because the Plaintiffs' claims are not ripe, because Ms. Fields is entitled to legislative immunity, because all of the Plaintiffs' claims involve nonjusticiable political questions, and because Ms. Fields affirmatively states the Plaintiffs have failed to state a claim.

11. Paragraph 11.   The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same. Ms. Fields also specifically denies that the Plaintiffs have properly established venue in this district.

12. Paragraph 12.   Ms. Fields admits the allegation in this paragraph that the named Plaintiffs submitted an impeachment petition with the Kentucky House of Representatives relating to Governor Andrew Beshear.  The rest of the paragraph states legal conclusions and does not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

13. Paragraph 13.   Ms. Fields admits the allegation in this paragraph that the named Plaintiffs submitted an impeachment petition with the Kentucky House of Representatives relating to former Representative Robert Goforth.  The rest of the paragraph either states facts that Ms. Fields is without sufficient knowledge or information to form a belief as to the truth of the Plaintiffs' allegations or states legal conclusions and does not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

14. Paragraph 14.   Ms. Fields admits the allegation in this paragraph that Counsel for some unnamed individuals submitted an impeachment petition with the Kentucky House of

Representatives relating to Attorney General Daniel Cameron. The rest of the paragraph states legal conclusions and does not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

15. Paragraph 15.    Ms. Fields admits the allegation in this paragraph that the named Plaintiffs submitted an impeachment petition with the Kentucky House of Representatives relating to Governor Andrew Beshear. The rest of the paragraph states legal conclusions and does not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

16. Paragraph 16.    Admit.

17. Paragraph 17.    Ms. Fields admits the allegation in this paragraph that the Attorney General declined to seek cost reimbursement. The rest of the paragraph states legal conclusions and does not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

18. Paragraph 18.    Ms. Fields is without knowledge or information sufficient to form a belief as to the truth of any of the Plaintiffs' allegations in this paragraph and therefore cannot admit or deny those allegations. To the extent an answer may be required, Ms. Fields denies same.

19. Paragraph 19.    Ms. Fields admits the allegation in this paragraph that the Impeachment Committee sent a letter to the named Plaintiffs documenting the costs taxed to them. The rest of the paragraph states legal conclusions and does not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

20. Paragraph 20.    Ms. Fields admits the allegation in this paragraph that the Impeachment Committee sent a letter to the named Plaintiffs documenting the costs taxed to them. The

rest of the paragraph states legal conclusions and does not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

21. Paragraph 21. Ms. Fields admits the allegation in this paragraph that the Impeachment Committee sent a letter to the named Plaintiffs documenting the costs taxed to them. The rest of the paragraph states legal conclusions and does not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

22. Paragraph 22. The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

23. Paragraph 23. Admit, with the exception that Ms. Fields does not have sufficient knowledge or information to form a belief as to what the Plaintiffs mean by "final costs of investigation under KRS 63.070 . . ." and therefore cannot admit or deny those allegations. To the extent an answer may be required, Ms. Fields denies same.

24. Paragraph 24. The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

25. Paragraph 25. KRS 63.070 speaks for itself and therefore the allegations in this paragraph quoting from that statute do not require an answer.

26. Paragraph 26. KRS 63.070 speaks for itself and therefore the allegations in the first sentence of this paragraph quoting from that statute does not require an answer. The allegations in the second sentence of this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

27. Paragraph 27.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

28. Paragraph 28.    KRS 63.070 speaks for itself and therefore the allegations in this paragraph quoting from that statute do not require an answer.

29. Paragraph 29.    KRS 63.070 speaks for itself and therefore the allegations in the first sentence of this paragraph quoting from that statute does not require an answer. The allegations in the second sentence of this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

30. Paragraph 30.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

31. Paragraph 31.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

32. Paragraph 32.    The allegations in this paragraph state legal conclusions, and/or make reference to statutes that speak for themselves, and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

33. Paragraph 33.    Admit, except to the extent that Ms. Fields does not have sufficient knowledge or information to form a belief as to what the Plaintiffs mean by "members regularly receives . . . petitions by citizens on a range of topics . . ." and therefore cannot admit or deny those allegations. To the extent an answer may be required, Ms. Fields denies

same.

34. Paragraph 34.	Admit.

35. Paragraph 35.	The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

36. Paragraph 36.	The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

37. Paragraph 37.	The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

38. Paragraph 38.	The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

39. Paragraph 39.	The allegations in this paragraph state legal conclusions, and/or make reference to statutes that speak for themselves, and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

40. Paragraph 40.	The allegations in this paragraph state legal conclusions, and/or Ms. Fields does not have sufficient knowledge or information to form a belief as to what the Plaintiffs mean by reference to a disparate impact, and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

41. Paragraph 41.	The allegations in this paragraph state legal conclusions, and/or make reference to statutes that speak for themselves, and do not require an answer; however, to the

extent an answer is deemed to be required, Ms. Fields denies same.

42. Paragraph 42.    The allegations in this paragraph state legal conclusions, and/or make reference to statutes that speak for themselves, and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

43. Paragraph 43.    The First Amendment to the United States Constitution speaks for itself and therefore the allegations in this paragraph quoting from same do not require an answer.

44. Paragraph 44.    The Fourteenth Amendment to the United States Constitution speaks for itself and therefore the allegations in this paragraph quoting from same do not require an answer.

45. Paragraph 45.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

46. Paragraph 46.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

47. Paragraph 47.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

48. Paragraph 48.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

49. Paragraph 49.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies

same.

50. Paragraph 50.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

51. Paragraph 51.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

52. Paragraph 52.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

53. Paragraph 53.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

54. Paragraph 54.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

55. Paragraph 55.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

56. Paragraph 56.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

57. Paragraph 57.    The allegations in this paragraph state legal conclusions and do not require

an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

58. Paragraph 58.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

59. Paragraph 59.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

60. Paragraph 60.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.  Additionally, Ms. Fields affirmatively states that the Constitution of the Commonwealth of Kentucky grants plenary power to the House of Representatives to consider impeachment of public officials and determine the rules of its proceedings, and therefore, as admitted by the Plaintiffs how the House of Representatives exercises that power is a nonjusticiable political question.

61. Paragraph 61.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

62. Paragraph 62.    Denied.

63. Paragraph 63.    Denied.

64. Paragraph 64.    The allegations in this paragraph state legal conclusions and do not require an answer; however, to the extent an answer is deemed to be required, Ms. Fields denies same.

Plaintiffs' prayer for relief does not require a response, but to the extent an answer may be deemed necessary, Ms. Fields DENIES that Plaintiffs' are entitled to the requested relief or to any other relief whatsoever.

Any allegation of the Complaint not expressly admitted above is denied.

### FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of sovereign immunity, legislative immunity, and/or qualified official immunity.

### SECOND DEFENSE

Plaintiffs' Complaint fails to establish subject matter jurisdiction in this Court because the Plaintiffs lack standing, as they have not alleged an injury in fact, and because the Plaintiffs' claims are insubstantial, are not ripe, and do not amount to an Article III "Case or Controversy." Plaintiffs' claims are also barred in whole or in part because they present a nonjusticiable political question.

### THIRD DEFENSE

Plaintiffs' Complaint fails to state a claim under 42 U.S.C. § 1983.

### FOURTH DEFENSE

Plaintiffs' claims are barred by the 10th and 11th Amendments to the United States Constitution, and Sections 230 and 231 of the Kentucky Constitution.

### FIFTH DEFENSE

Plaintiffs' claims to attorney fees are barred because their underlying federal claims are barred as stated herein.

### SIXTH DEFENSE

Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted:


/s/  Greg Woosley_____
Gregory A. Woosley (91428)
General Counsel
Legislative Research Commission
Capitol, Room 300
700 Capitol Avenue
Frankfort, Kentucky  40601
Telephone:	(502) 564-8100
Fax:		(502) 564-6543
Email:		greg.woosley@lrc.ky.gov

*Counsel for Defendant,*
*Melissa Bybee-Fields*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, a copy of the foregoing Answer was filed electronically with the Clerk of this Court.  Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties or their counsel indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.


/s/ Greg Woosley_____
Gregory A. Woosley

12