**ANNA STEWART WHITES**
*Attorney at Law*
327 Logan Street
P.O. Box 4023
Frankfort KY 40601
(502) 352-2373/FAX 352-6860
AnnaWhites@aol.com

Hon. Greg Woosley, LRC, via email

May 16, 2022

RE:  Glogower v. Bybee-Fields

Dear Greg:

 The Court's Order and the federal rules of civil procedure require that we meet and confer and attempt to resolve discovery disputes before filing a motion to compel.

 I have outlined my concerns with the incomplete and potentially false or inaccurate discovery responses below.  Please provide an answer to me by close of business Friday, 5/20, and in addition, let me know dates and times this week when we may meet and confer on this matter.

 <u>General Objections</u>.  Please note that the federal courts do not accept 'general' objections.  Objections must be specific to the actual discovery request.  With regard to each "general objection" cited in your discovery responses, please outline which objection applies to each specific potential response.  Where there are multiple objections cited "generally" in a discovery response, please amend those to be specific so that I can address these specifics with the Court.

 <u>Privilege log</u>.  A privilege log is required for any item not provided.  For this reason, for each item you deem covered by attorney client privilege, please provide a privilege log for each item/document and state which privilege applies, a long with a sufficient description of the document to permit the court to rule upon the claim of privilege.

 <u>Interrogatory #1</u>.  Plaintiffs' Interrogatory #1 asked:

 Name the person or persons who **directed or authorized** the release of the Republican Senate Candidate Andrew Cooperrider from this Federal action. Please state with specificity whether any such direction came from Impeachment Chair Jason Nemes, House Speaker Osborne, House staff, Paul Salamanca, Joshua Douglas, or any other person or entity.

1

Defendants responded that Clerk Bybee-Fields was "the only party who could have reached an agreement to resolve the claims of any named Plaintiff." See: Discovery responses, Exhibit A.

This response fails to identify who "directed or authorized" the Cooperrider release, and instead places sole responsibility for the alleged Constitutional violations upon the House Clerk, Defendant Bybee Fields. The response fails to identify the "person or persons" who required te House Clerk to execute the Cooperrider release, a central issue in this case. If you assert a specific privilege, please identify it in a Privilege Log, as requested *supra*.

Interrogatory #2. Interrogatory #2 asks:

Do you assert that the release of . . . Cooperrider was a "Legislative Act" conferring absolute immunity?"

Your answer is non-responsive. Absolute immunity is an affirmative defense upon which Defendants carry the burden of proof. *Bogan v. Scott-Harris*, 523 US 44 (1998). Failure to establish a "Legislative Act" voids any claim of absolute immunity. Id, 532 US at 49.

Please confirm that you are declining to assert or carry your burden of proof regarding this putative defense.

Interrogatory #4. Interrogatory #4 stated:

Please specify and detail the reasons for dismissing the Republican Plaintiffs, including Senate Candidate Andrew Cooperrider, while refusing to dismiss or release the Democratic, low income, or racially diverse Plaintiffs remaining in the action.

Defendant's Response was that certain parties requested a dismissal. The response failed to state whether this was the only reason for the dismissal. Please confirm that this is a full and complete response and that there was no other reason for the dismissal.

Interrogatory #5. Interrogatory #5 requested:

Please state whether there were any telephonic (phone call or text) communications from any Executive Branch officer or counsel for same to the Chair or members of the Impeachment Committee after the impeachments were filed but before the final notice and costs were sent to Plaintiffs' counsel. If your answer is in the affirmative, please state the date(s) of such communications, the parties to such communications, and the substance of each such communication.

Defendant's response was that she has "no knowledge of such communications." The Clerk of the Legislature is charged with oversight and assistance of the legislative committee  and was

responsible for taking all notes, filing all documents in the matter and attending all hearings and meetings of the committee. Plaintiffs ask that the Clerk confirm that she has reviewed her phone notes and the phone notes/messages/texts of all committee members, as her response is devoid of that confirmation.

Interrogatory #7. Interrogatory #7 asked:

Please detail the authority under which Joshua Douglas and Paul Salamanca, in their capacity as persons testifying before a legislative committee, were permitted to charge significant fees to private citizens with whom they share no professional relationship.

Defendant's response was that "she has no knowledge of the process by which Joshua Douglas or Paul Salamanca testified before the impeachment committee or documented the fees they would customarily receive for their time and work." The answer did not request "customary" fees that these individuals would receive, or even acknowledge that there is such a "customary fee" for a person testifying before a legislative committee. The question did not request information on how the citizens "documented" the fee they charged other citizen taxpayers for testifying before a legislative committee. Please have the Defendant answer the actual question asked in full.

Interrogatory #8. Interrogatory #8 requested:

Please give the date(s) on which the members of the legislative impeachment committee met to determine which Plaintiffs to release from the action. For each such date, identify the members voting and the vote of each member.

Defendant responded that this information is privileged. Please clarify why information on a date about the meeting of a legislative committee and which members of the committee were present on that date or dates is privileged or confidential. Please additionally clarify why a legislative committee member's vote is privileged or confidential. Lastly, the Defendant cites to the General Assembly website for all information on the activities of the Impeachment Committee. This site reveals no Committee involvement in the Cooperrider release. Please affirm that the lack of any meeting by the members regarding the dismissal means the committee was not involved in the dismissal decision.

Interrogatory #9 and Interrogatory #10. Interrogatory #9 stated:

Please outline how Joshua Douglas and Paul Salamanca were determined to be appropriate "experts" in the impeachment matters and give the name(s) of the specific individuals who retained them in this matter.

Defendant's response was that she had "no knowledge of the process by which Joshua Douglas or Paul Salamanca testified before the Impeachment Committee or were retained in this matter." As Defendant was the clerk/secretary/administrative assistant for the impeachment

3

committee, attended all meetings, and created/filed/noted all documents related to the committee, please confirm that she was not present for any discussions regarding retention of the experts, any expert analysis, and has no knowledge of who requested their attendance. Please note that Open Records Act requests have been made on this specific issue. It is imperative that your client answer the discovery requests honestly. This same request applies to Interrogatory #10.

Interrogatory #13. Interrogatory #13 asked:

Please state the total number of impeachment actions filed in 2021, and detail who they were filed against and the disposition of each impeachment action

Defendant's response was that only three (3) impeachment actions were filed in 2021. This answer is patently false. Even the media noted contemporaneously a significant number of impeachment petitions in 2021. Please have your client correct that deceptive and inaccurate statement and fully answer the discovery request.

Request for Production (RFP) #2. RPF #2 requested:

Please provide a copy of any contract under which Paul Salamanca was employed as counsel or otherwise by the legislature or LRC or any member thereof in the years 1/1/2020-4/10/2022.

Defendant responded that she "has no documents relevant to this request." Paul Salamanca has frequently identified himself as "the speaker's counsel" and the undersigned has been apprised of desk space in the annex identified as "Salamanca's desk." Upon information and belief, the state cannot pay any counsel or provide desk/office space for any counsel without a contract. Please have your client conduct the appropriate investigation required by the civil rules and affirm, if correct, that no such contract or agreement exists.

RFP #3 and RFP #4 and RFP #6. These RPFs 3 and 4 request confirmation that each and every meeting of the impeachment committee and its members and every document provided to the impeachment committee or created by the impeachment committee has been received by Plaintiffs. RFP #6 asked for all communications between the Executive Branch or any officer thereof and the Impeachment Committee Chair. Your client affirmed that the entirety of such documents and meetings are completely contained on the LRC website. Open Records Requests to various third parties have been made regarding this issue. Please affirm that your answer is full and complete.

I look forward to your prompt supplementation and correction of the discovery responses.

Sincerely,

*Anna Whites*

Anna Whites