UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KEVIN GLOGOWER, *et al.*,  )<br>  )<br>   Plaintiffs  )<br>  )<br>v.  )<br>  )<br>  )<br>MELISSA BYBEE FIELDS, in their official  )<br>capacity, *et al.*  )<br>  )<br>   Defendants.  ) | CASE NO. 3:21-cv-00012-GFVT |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR
MAGISTRATE CONFERENCE REGARDING DISCOVERY ISSUES**

Comes the Defendant, Melissa Bybee-Fields, by counsel, and hereby responds to the Plaintiffs' Request for Magistrate Conference Regarding Discovery Issues as follows:

On or about February 22, 2022, the former Plaintiffs, Andrew Cooperrider, Tony Wheatley, and Jacob Clark ("Cooperrider Plaintiffs"), and the Defendant, Melissa Bybee-Fields, filed a Proposed Agreed Order to the Court in which those Plaintiffs agreed to dismiss and withdraw their claims and the Defendant agreed she will not tax costs against those Plaintiffs. On or about February 24, 2022, the Court entered an Order granting the Parties' Proposed Agreed Order and the Cooperrider Plaintiffs's claims were dismissed.

On or about April 11, 2022, the remaining Plaintiffs propounded discovery requests, including interrogatories and requests for production of documents on the Defendant. Beginning on or about May 5, 2022, counsel for the Defendant attempted to contact counsel for the remaining Plaintiffs to discuss further potential settlement of additional claims, as well as to request an extension of time for discovery if settlement was not reached. The voicemail

messages were not returned. On or about May 11, 2022, counsel for the Defendant sent an electronic mail message (e-mail) to counsel for the remaining Plaintiffs again noting a desire to discuss settlement of additional claims and to request an extension of time for discovery responses. Counsel for the remaining Plaintiffs responded by return e-mail message on May 12, 2022, and flatly denied any extension of time for discovery responses. Nonetheless, counsel for the Defendant responded by e-mail again and requested that counsel for the Plaintiffs call him on his personal cell phone at her convenience to discuss "an agreed order of dismissal as previously agreed to and filed with other named plaintiffs . . . [and] depending on that conversation . . . also . . . to discuss the discovery you have previously served."

Counsels for the parties did speak by phone later that same day. However, counsel for the Plaintiffs was resistant to any settlement discussions and merely stated she would discuss the proposed further settlement, <u>extended on the same terms as previously agreed to by the Cooperrider Plaintiffs</u>, with her Plaintiff clients. Additionally, although counsel for the Defendant requested an extension of <u>two (2) business days</u> to respond to the discovery requests, counsel for the remaining Plaintiffs would only grant <u>a one (1) day extension</u>, through Friday, May 13, 2022. The Defendant responded to the discovery requests before the end of the next business day, meeting the one (1) day extension of time as graciously agreed to by counsel for the remaining Plaintiffs.

Counsel for the remaining Plaintiffs then sent a discovery letter to counsel for the Defendant on May 16, 2022, in which the Plaintiffs alleged the responses were "incomplete and potentially false or inaccurate." On May 23, 2022, counsels for the parties then held a telephonic meet and confer in an attempt to resolve the alleged discovery dispute. Counsel for the Defendant first noted that the Defendant had never actually taxed any costs to the remaining

Plaintiffs, and so it was unclear in what peril those Plaintiffs were or if any potential claims were even ripe. Additionally, counsel for the Defendant stated that the case seemed to be a pure legal question as to the applicability/constitutionality of the statute, KRS 63.070, and so it was unclear how much of the Plaintiffs' discovery requests, amounting to what seemed to be a politically motivated fishing expedition, were relevant to that legal question. Further, counsel for the Defendant noted that legislative immunity was a large issue in the case, and that many of the alleged discovery disputes implicated either legislative immunity, attorney-client privilege, the attorney work-product doctrine, or at a minimum called for the Defendant to state a legal conclusion. Counsel also again reiterated the Defendant's desire to resolve additional claims, but counsel for the remaining Plaintiffs flatly refused to discuss any potential settlement – even on the same terms as previously reached with the Cooperrider Plaintiffs. The parties then went through each of the areas of the discovery letter, with counsel for the Defendant noting that the majority of the responses were complete and would not be supplemented. However, counsel for the Defendant did agree that at least one interrogatory needed supplementation due to an inadvertent mistake and that the Defendant would respond to the issues identified in the letter as diligently as possible.

    The remaining Plaintiffs, without any further contact with the Defendant, then filed their Motion for Magistrate Conference Regarding Discovery Issues. In that motion, the Plaintiffs incorrectly state this matter involves "penalties improperly imposed by the government on taxpayers and voters who requested review of unlawful behaviors by the Attorney General and a legislator." As noted, the Defendant, the Clerk of the House of Representatives, has not actually taxed or "imposed" any penalties on any of the Plaintiffs. Additionally, the Plaintiffs falsely state "[t]he case involves the disparate treatment by Defendant of the Plaintiff who was a white,

financially secure Republican candidate for office, who was released from the action, and the Defendants [sic] who were racially diverse, low-income Democratic voters/taxpayers, who were not released from the action." Aside from the fact that the Defendant does not know any of the former or remaining plaintiffs' race, income, or political affiliation (except that Mr. Cooperrider was a candidate for state office), as noted herein, the Defendant has extended an offer to settle additional claims by at least some of the remaining Plaintiffs on the same terms as agreed-to with those Cooperrider Plaintiffs. However, since it is the Plaintiffs who brought the Complaint, it is the Plaintiffs who have the power to release the Defendant, which the Plaintiffs have flatly refused to do up to this point.

The Defendant affirmatively states that she is diligently working to supplement her discovery responses. However, the Defendant also does not object to a Magistrate Conference regarding the alleged discovery dispute, if this Court believes it is necessary.

Respectfully submitted:

/s/ Greg Woosley
Gregory A. Woosley (91428)
General Counsel
Legislative Research Commission
Capitol, Room 300
700 Capitol Avenue
Frankfort, Kentucky 40601
Telephone: (502) 564-8100
Fax: (502) 564-6543
Email: greg.woosley@lrc.ky.gov

*Counsel for Defendant,*
*Melissa Bybee-Fields*

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 1, 2022, a copy of the foregoing Response to Plaintiffs' Request for Magistrate Conference Regarding Discovery Issues was filed with the court, service of which will be sent by operation of the Court's CM/ECF system to all parties or their counsel indicated on the electronic filing receipt. Parties may access the filing through the Court's CM/ECF system.

                                           /s/ Greg Woosley_____
                                           Gregory A. Woosley