Filed Electronically

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KEVIN GLOGOWER, as representative For the Breonna Taylor Grand Jurors, *et al.*, <br><br>Plaintiffs <br><br> v. <br><br><br> MELISSA BYBEE-FIELDS, in their official capacity, *et al* <br><br>Defendants. | CASE NO. 3:21-cv-00012-GFVT |

**PLAINTIFFS MOTION TO COMPEL**

\*\*\*\*

Come the Plaintiffs by counsel, and pursuant to this Court's Order of 6/10/2022, submit this Motion To Compel the Defendant Bybee-Fields, Clerk of the Kentucky House of Representatives (herein "House") to produce discovery responses sufficient to allow this Honorable Court to evaluate the vague claims of privilege and immunity asserted by the House.

Any claim of "absolute legislative immunity" must be decided as an initial matter. Absolute immunity is an affirmative defense upon which the House carries the burden of proof. *Bogan v Scott-Harris* 523 US 44, 49 (1998). The House has utterly failed in its duty to plead and prove this privilege, needlessly delaying this action and compelling the Court to Order production of what would already have been provided by any responsible litigant.

The Sixth Circuit recently made clear that any claim of "absolute legislative privilege" requires the House to prove that its actions were "legislative in form and substance" possessing "all the hallmarks of traditional legislation." *Anders v Cuevas* 984 F3d 1166, at 1181-82 (6th Cir 2021). The House refuses to meet this burden of proof because it cannot. The House decision to release and hold harmless a Republican candidate for state Senate while continuing to harass Plaintiffs herein is indefensible. Indeed, "such a pointed act does not indicate a larger policy goal or budgetary concern" at all, and so cannot be considered a "legislative act." *Anders*, 984 F3d at 1182.

"The freedom of speech…protects the right of an ordinary citizen to criticize public officials … without fear of …repercussions." *Anders*, 984 F3d at 1184. Yet here ordinary citizens, including those compelled to serve on the Breonna Taylor Grand Jury and those who sought accountability from former state representative Robert Goforth, have been singled out for life-changing financial penalties. "[I]t is well established that a public official's retaliation against an individual exercising his or her First Amendment rights is a violation of [28 USC] Section 1983.*" Anders* 984 F3d at 1185, quoting *Barrett v Harrington* 130 F3d 246, at 264 (6th Cir 1997).

Now, underscoring the continuing misconduct and disparate treatment of similarly situated citizens, the House offered in the last Court status hearing to release the Glogower Plaintiffs, presumably so that Attorney General Cameron will not be exposed to political discomfort during his run for Governor. The House made clear that it fully intends to continue harassing and deterring the remaining Robert Goforth Plaintiffs. This is clearly a continuation of the House's ongoing discriminatory actions for which no immunity can lawfully be claimed.

The Glogower Plaintiffs have REJECTED this offer of settlement and stand in solidarity with the remaining Plaintiffs. The Glogower Plaintiffs will not aid the House in escaping public accountability for its unlawful actions and recognize that victims of political repression must stand united against efforts to silence them.

Clearly this Court possesses the power to protect targeted citizens from life-changing financial penalties arbitrarily imposed by the House because "nothing justifies harassing people for exercising their constitutional rights, so the deterrent effect on speech need not be great to be actionable." *Anders* 984 F3d at 1176, citing *Thaddeus-X v Blatter* 175 F3d 378, 397 (6th Cir 1999)(en banc).

The record conclusively establishes that "deterring" Plaintiffs from ever again criticizing public officials was the specific intent of the House. The Attorney General praised the Impeachment Committee for "charging its costs" because "assessing costs…serves the important purpose of **deterring** future baseless petitions." (See discussion in the accompanying memorandum of law.)

The House Impeachment Committee and the Attorney General were so determined to "deter" citizens from ever again daring to expose official corruption that the House ran up huge costs specifically to punish them. The House has undeniably taken "adverse action" aimed at "deterring a person … from exercising the constitutional right in question." This is actionable. *Anders* 984F3d at 1176, quoting *Hill v Lappin* 630 F3d 468, 472 (6th Cir 2010).

Retaliation for protected speech violates the Federal Constitution. Statements alleging public corruption are exactly the sort of public speech that demands strong protection. When a

state actor openly "deters" free speech under a claim of "absolute privilege" and then refuses to carry the heavy burden of establishing that awesome power, it is necessary for the courts to act.

## CONCLUSION

For these reasons, this Honorable Court should direct the House to produce all relevant evidence upon which it relies in claiming "absolute legislative privilege", along with a properly documented privilege log executed in sufficient detail for the Court to make an informed decision on the sweeping claims of immunity.

Respectfully submitted,

/s/*Anna Stewart Whites*
Anna Stewart Whites
327 Logan Street
Frankfort KY 40601
(502) 352-2373
Annawhites@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, a copy of the foregoing was filed electronically on counsel for Defendants. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties or their counsel indicated on the electronic filing receipt.

*Anna Stewart Whites*
Attorney for Plaintiffs