UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KEVIN GLOGOWER, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CASE NO. 3:21-cv-00012-GFVT |
| ) | |
| ) | |
| MELISSA BYBEE FIELDS, in their official ) | |
| capacity, *et al.* ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

\*\*\* \*\*\* \*\*\* \*\*\*

The Defendant, Melissa Bybee-Fields, in her official capacity as the Clerk of the Kentucky House of Representatives ("Clerk"), by counsel, hereby submits this Memorandum in Support of her Motion to Dismiss and states and follows:

### INTRODUCTION

During the 2021 Regular Session of the Kentucky General Assembly, plaintiffs Andrew Cooperrider, Tony Wheatley, and Jacob Clark ("Cooperrider Plaintiffs") brought an impeachment petition against Kentucky Governor Andy Beshear; plaintiffs John Does 1-3, through their counsel, plaintiff Kevin Glogower, Esq. ("Glogower Plaintiffs") brought an impeachment petition against Kentucky Attorney General Daniel Cameron; and plaintiffs Michael and Carol VanWinkle ("VanWinkle Plaintiffs") brought an impeachment petition against former state Representative Robert Goforth. Each of these petitions were filed with the Kentucky House of Representatives ("House") pursuant to Kentucky Revised Statute ("KRS") 63.030, which establishes a statutory scheme for an individual to petition the House for the

impeachment of a public officer. (Doc. 1 at P. 4.) The House appointed an Impeachment Committee ("Committee") to investigate the petitions, which met and heard testimony concerning the petitions. The Clerk, the only remaining named Defendant herein, was busy with duties attending to the sessions of the House and took no part in any of the Committee's activities.

All of the petitioners and Plaintiffs herein were advised that KRS 63.070 authorizes costs to be assessed to the petitioners if the committee reported against the petition and if the report was not overruled by the House. *See* KRS 63.070(1) ("In a proceeding for impeachment or removal by address, if the committee reports against the petition and the report is not overruled by the house petitioned, the petitioner shall be liable to witnesses and to the accused for the costs of investigation before the committee. These costs shall be taxed by the clerk of the house appointing the committee."). Each of the petitioners and plaintiffs herein chose to continue with their petitions despite the notice regarding KRS 63.070 and the potential imposition and taxing of costs against them.

Ultimately, the Committee reported against the petitions and recommended the House take no further action. At the conclusion of the Committee's investigation, and pursuant to KRS 63.070, the Committee collected the various costs related to the Committee's work and sent a letter to each group of petitioners documenting those costs. The Plaintiffs have essentially pled in their Complaint the pure legal question as to whether this statute may be invoked to tax the costs of their failed petitions against them. (Doc. 1 at P. 10.) However, several very important facts are that the Clerk did not send those letters to the Plaintiffs; the Clerk took no action related to the impeachment petitions or investigations; and to this day the Clerk has not taxed any costs on any of the Plaintiffs.

Nonetheless, the Plaintiffs filed a Complaint in this Court seeking a declaration that KRS 63.070 is unconstitutional and requesting permanent injunctive relief prohibiting the Clerk from taxing the costs against the Plaintiffs, which she had not, and still has not, done. After Governor Beshear filed a motion to dismiss (Doc. 18), which was granted (Doc. 27), the Cooperrider Plaintiffs contacted counsel for the Clerk and proposed settling their claims against the Clerk. On or about February 22, 2022, the Cooperrider Plaintiffs and the Clerk filed a Proposed Agreed Order (Doc. 35) in which those Plaintiffs agreed to dismiss and withdraw their claims and the Clerk agreed she will never tax any costs against those Plaintiffs. On or about February 24, 2022, the Court entered an Order (Doc. 37) granting the Parties' Proposed Agreed Order and the Cooperrider Plaintiffs' claims were dismissed.

<u>The Glogower and VanWinkle Plaintiffs have never contacted the Clerk seeking a similar settlement, even though counsel for the Clerk has reached out to their counsel on several occasions to discuss an agreed order of dismissal as previously agreed to and filed with other named plaintiffs.</u> Those Plaintiffs have since unequivocally stated in their Motion to Compel that they have REJECTED this offer of settlement (Doc. 55-1, P. 11), while also repeatedly continuing the false narrative that the Clerk has selectively "released" the Cooperrider Plaintiffs but not the remaining Plaintiffs. *Id*. at 4. However, the Clerk is the defendant in this matter and cannot "release" any of the Plaintiffs without their agreement, which they have refused to grant even though she has extended a settlement offer.

Notably, the Plaintiffs' Complaint states that "[a]s of the date and time that this matter has been filed, there has been no filing in state court to seek to enforce any cost of investigation . . . ." (Doc. 1, P. 8). Additionally, the Complaint does not contain a single allegation that the Clerk has taken any action related to the Plaintiffs' impeachment petitions or against the

Plaintiffs themselves at all. This is because, as noted previously, but bears repeating – the Clerk did not send the letters relating to costs to the Plaintiffs; the Clerk has not had any communication at all with the Plaintiffs related to costs; the Clerk took no action related to the impeachment petitions or investigations; and to this day the Clerk has not taxed any costs on any of the Plaintiffs.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and (6) provide that a claim may be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010). "[A] district court may, at any time . . . dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). Similarly, "[t]he lack of subject matter jurisdiction is a nonwaivable defect that may be raised at any time to justify dismissal of a pending action." *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984) (citation omitted).

# ARGUMENT

The Plaintiffs have not alleged the Clerk has acted in any way to tax the costs against them. Thus, the Plaintiffs have failed to state a claim upon which relief may be granted. Also, the Plaintiffs lack standing because no case or controversy exists with the Clerk and because any claim the Plaintiffs may have, which is denied, is not ripe. Thus, this Court does not have subject matter jurisdiction and should dismiss the claims against the Clerk with prejudice.

## I. The Plaintiffs Have Failed To State A Claim Against The Clerk

As noted above, the Plaintiffs' Complaint does not contain a single allegation that the Clerk has acted in any way against them. The Complaint merely states the statute authorizes the Clerk to tax the costs of a failed impeachment petition against them, and that the statute works to deprive them of some constitutional right. However, the Clerk has not actually taxed the costs against any of the Plaintiffs. Thus, the Plaintiffs merely state a conclusion that their constitutional rights have been violated, but they have not supported that bare legal conclusion with any facts. "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). In *Chapman*, the Sixth Circuit Court of Appeals held that the district court properly dismissed the plaintiffs' claims with prejudice when those plaintiffs, like the Plaintiffs herein, produced no factual support for their claims. *Id*.

Therefore, the Plaintiffs have failed to state a claim against the Clerk, and this Court should likewise dismiss their Complaint with prejudice.

## II. The Plaintiffs Lack Standing

The Constitution limits a federal court's jurisdiction to "cases and controversies." *Lujan*

5

*v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). A case or controversy requires a Plaintiff to have standing. *Id*. at 560. Standing requires "a causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . traceable to the challenged action of the defendant[.]'" *Id*. (citation omitted). Standing also requires an injury in fact, meaning the injury is actual or imminent, rather than hypothetical. *Id*. (citation omitted). In the present case, the Plaintiffs fail to allege an injury traceable to the action of the Clerk or an injury in fact.

    A.  <u>The Clerk Has Taken No Action To Injure The Plaintiffs</u>

Plaintiffs allege they have suffered an injury by the theoretical imposition of costs against them by the Clerk. To allege this injury, the Plaintiffs challenge a statute, KRS 63.070, and they assert the <u>potential</u> taxation of costs permitted by that statute – in the statutory scheme the Plaintiffs chose to invoke – violates the First Amendment. However, the Clerk has taken no action against the Plaintiffs, and she has certainly not taxed any costs against them under the statute. Indeed, the Plaintiffs do not even allege the Clerk has taken any action against them or taxed those costs, and thus the Plaintiffs do not actually allege they have suffered an injury.

The Plaintiffs do not have standing because the Plaintiffs have no injury fairly traceable to any challenged action by the Clerk. Therefore, this Court lacks jurisdiction and should dismiss the Plaintiffs' Complaint with prejudice.

    B.  <u>Plaintiffs' Claims are not Ripe</u>

Ripeness is a justiciability doctrine designed "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985) (internal quotation omitted). "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 294 (6th Cir. 1997). Courts weigh three factors when

deciding whether to address the issues presented for review: 1) "the likelihood that the harm alleged by the plaintiffs will ever come to pass"; 2) "whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims"; and 3) "the hardship to the parties if judicial relief is denied at this stage in the proceedings." *Adult Video Ass'n v. United States Dep't of Justice*, 71 F.3d 563, 568 (6th Cir. 1995) (internal quotation and brackets omitted).

In the present case, the Plaintiffs seek to prevent the imposition of costs to recoup public money spent investigating their failed petitions for impeachment. However, the Clerk has undertaken no efforts to tax or collect the costs at any time, and it has been over sixteen (16) months since the end of the impeachment proceedings. Indeed, the Clerk has not acted in any way toward the Plaintiffs. Because the Clerk has not sought to collect the costs, and because the Clerk has taken no action whatsoever toward the Plaintiffs, the likelihood that the harm will ever come to pass is minimal, and thus the Plaintiffs' claims are not yet ripe.

Also, the Plaintiffs will not be prejudiced by this Court's refusal to hear their unripe claims. KRS 63.070 specifically provides that any costs taxed "may be recovered on motion, after five (5) days' notice, in a Circuit Court." KRS 63.070(3). All of the Plaintiffs' objections, including the claims asserted in their Complaint, can and should be addressed by the state Circuit Court in which any theoretical, future action to tax those costs is presented. At this point, Plaintiffs seek relief from an injury yet to occur, that may not occur, and that may be limited or prevented by a state court.

The Plaintiffs do not have standing because the Plaintiffs have no injury in fact, and because any possible injury is hypothetical and not actual or imminent. Therefore, this Court lacks jurisdiction and should dismiss the Plaintiffs' Complaint with prejudice.

## CONCLUSION

For all of the foregoing reasons, the Plaintiffs have failed to state a claim upon which relief may be granted and this Court lacks jurisdiction over those claims. Therefore, the Defendant respectfully requests that the Plaintiffs' Complaint be dismissed with prejudice.

Respectfully submitted:

/s/ Greg Woosley_____
Gregory A. Woosley (91428)
General Counsel
Legislative Research Commission
Capitol, Room 300
700 Capitol Avenue
Frankfort, Kentucky  40601
Telephone:   (502) 564-8100
Fax:              (502) 564-6543
Email:           greg.woosley@lrc.ky.gov

*Counsel for Defendant,*
*Melissa Bybee-Fields*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2022, a copy of the foregoing Memorandum in Support of Motion to Dismiss was filed with the court, service of which will be sent by operation of the Court's CM/ECF system to all parties or their counsel indicated on the electronic filing receipt. Parties may access the filing through the Court's CM/ECF system.

/s/ Greg Woosley_____
Gregory A. Woosley