UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KEVIN GLOGOWER, *et al.*, | ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) | CASE NO. 3:21-cv-00012-GFVT |
| MELISSA BYBEE FIELDS, in their official capacity, *et al.* | ) ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

\*\*\* \*\*\* \*\*\* \*\*\*

The Defendant, Melissa Bybee-Fields, in her official capacity as the Clerk of the Kentucky House of Representatives ("Clerk"), by counsel, hereby replies to the Plaintiffs', Kevin Glogower on behalf of himself and his confidential clients, John Does 1-3, and Carol and Michael van Winkle, Response to her Motion to Dismiss and states and follows:

The Plaintiffs continue a number of misstatements in their Response. First, although the Kentucky House of Representatives is not a defendant in this action, the Plaintiffs nonetheless continually refer to "the House" taking certain actions related to the Plaintiffs or this litigation. *See*, *e.g.*, Response at pg. 1, 2, 3, 6, and 7 ("the House's failure to produce competent evidence . . ."; "the House admits . . ."; "the House's judicial admission . . ."; "Plaintiffs invite the Defendant House to quit wasting the Court's time . . ."; and "[t]he House also suggests that the costs may never be enforced . . ."). Second, the Plaintiffs begin their response by stating "the House abruptly abandons its unsubstantiated claim to 'absolute legislative immunity' in the Motion to

Dismiss." *Id*. at 1.  However, the House Clerk has consistently and repeatedly asserted that legislative immunity does apply to any action taken or not taken by members of the General Assembly or their staff acting as their alter egos within the legitimate legislative sphere – and does not abandon that important constitutional protection for herself or any unnamed member of the General Assembly.

Third, the Plaintiffs assert that the Clerk has selectively taxed costs and/or selectively "released" impeachment petitioners based on their political affiliation in some "pattern of political payback . . . ." *Id*. at 4-5.  As noted in her Memorandum in Support of Motion to Dismiss, the Clerk has not taxed any costs against any person, Plaintiff or otherwise, has no knowledge of any of the Plaintiffs' political affiliation, and because she is a named defendant, she has no power to "release" any Plaintiff unless that Plaintiff offers to settle this matter with her.  In fact, the Clerk has extended an offer of settlement, in writing, but the Plaintiffs have rejected that offer, as noted by them in their Response.  *Id*.  And, finally, the Plaintiffs erroneously state that the Clerk has taken an adverse action against them in an "improper selective assessment of huge costs to deter citizens from criticizing their government." *Id*. at 5.  This cannot be stressed enough – the Clerk has taken no action against any of the Plaintiffs herein.

In support of the Plaintiffs' Response, the Plaintiffs cite to several cases that are easily distinguished from the instant case.  The Plaintiffs cite to *Anders v. Cuevas*, 984 F.3d 1166 (6th Cir. 2021) for the proposition that "[i]t is well established that a public official's retaliation against an individual exercising his or her First Amendment rights is a violation of [28 USC] Section 1983." Response at 2.  However, the key difference between *Anders* and this case is the Defendants in *Anders* had taken an "adverse action" and retaliated against the Plaintiff, whereas

in this case the Clerk has taken absolutely zero action related to the Plaintiffs. It cannot reasonably be argued the Clerk has taken an adverse action or retaliated against the Plaintiffs when she has literally done nothing to them – and when the Plaintiffs do not even allege she has taken any action against them.

Next, the Plaintiffs cite to *TriHealth Inc. v. Bd of Comm'rs, Hamilton County*, 430 F3d 783 (6th Cir 2005) for the "holding that the Equal Protection Clause 'prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently from others similarly situation without any rational basis for the difference.'" Response at 6. And, the Plaintiffs cite to TriHealth in support of the proposition that the Clerk has somehow treated them differently than other petitioners or Plaintiffs. However, the Court in *TriHealth* held that the Plaintiffs had not stated a claim because they could not establish they were treated differently from other groups who were similarly situated in all relevant respects. Again, the Clerk has taken no action against any Plaintiff, and she simply agreed to an Agreed Order with the Cooperrider Plaintiffs when those plaintiffs reached out to her to settle their case, which the remaining Plaintiffs have not done, so the Plaintiffs have not alleged, and cannot allege, they were treated differently than other similarly situated petitioners.[1]

Therefore, the Plaintiffs have failed to state a claim upon which relief may be granted, and this Court lacks jurisdiction because the Plaintiffs lack standing due to no allegation of an injury and because any claims the Plaintiffs may have, which are denied, are not ripe.

## **CONCLUSION**

For all of the foregoing reasons, the Plaintiffs have failed to state a claim upon which relief may be granted and this Court lacks jurisdiction over those claims. Therefore, the

---

[1] The Plaintiffs attempt to characterize this as a "selective release," but since the Clerk is the Defendant in this matter she cannot release anyone without them agreeing to dismiss their claims against her.

Defendant respectfully requests that the Plaintiffs' Complaint be dismissed with prejudice.

                    Respectfully submitted:

                    /s/ Greg Woosley_____
                    Gregory A. Woosley (91428)
                    General Counsel
                    Legislative Research Commission
                    Capitol, Room 300
                    700 Capitol Avenue
                    Frankfort, Kentucky  40601
                    Telephone:   (502) 564-8100
                    Fax:   (502) 564-6543
                    Email:   greg.woosley@lrc.ky.gov

*Counsel for Defendant,*
*Melissa Bybee-Fields*

## CERTIFICATE OF SERVICE

    I hereby certify that on August 31, 2022, a copy of the foregoing Memorandum in Support of Motion to Dismiss was filed with the court, service of which will be sent by operation of the Court's CM/ECF system to all parties or their counsel indicated on the electronic filing receipt. Parties may access the filing through the Court's CM/ECF system.

                    /s/ Greg Woosley_____
                    Gregory A. Woosley