UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| KEVIN GLOGOWER, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CASE NO. 3:21-cv-00012-GFVT |
| | ) | |
| | ) | |
| MELISSA BYBEE FIELDS, in their | ) | |
| official capacity, et al | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFFS' PRE-TRIAL MEMORANDUM

\*\*\*\*

Come the Plaintiffs, by counsel, and in response to the Court's scheduling order, submit the following Pre-Trial Memorandum:

## FACTUAL SUMMARY

Plaintiffs were some of the citizens who filed impeachment actions in 2020 against public officials who violated the public trust. Some, but not all, of the impeachment actions filed in 2020 were referred to a legislative "impeachment committee" made up of seven members of the Kentucky House of Representatives. The Impeachment Committee refused to permit the citizens to participate in the impeachment hearings process, denying the public the right to hear the evidence relevant to the actions. The Impeachment Committee heard testimony from several

citizens of its own choosing. The Impeachment Committee dismissed the impeachments and issued a notice stating that it would charge some, but not all, of the Plaintiffs, various charges, including an "expert fee" for the citizens who testified before the Committee. The Defendant Clerk claims she was given power to leverage those unconstitutional costs on a whim at any time.

This action was filed by all persons who were subject to the summary imposition of massive costs by the Clerk. All three groups of original Plaintiffs were improperly selected for the imposition of costs, while others similarly situated impeachment petitioners were not, in violation of, *inter alia*, 28 USC Section 1983. The Clerk then at a later date dismissed the Republican candidate who was one of the Plaintiffs from this action, because the litigation was a distraction to his candidacy. No such settlement was discussed with or offered to the other Plaintiffs at that time. The actions of the Clerk, taken at the evident behest of the Republican supermajority employing her, were improper acts taken under color of state law with the intent of depriving Plaintiffs of their established constitutional rights. Women, persons of color, Democrats and low income individuals all were not offered any settlement, while politically powerful and wealthy Republicans in an identical situation were held harmless from crushing costs, recoverable on 5 day's notice in any Circuit Court of the Clerk's choosing. KRS 63.070.

Months later, after the remaining parties Plaintiff had suffered a year of anxiety and concern about the financially ruinous charges the Defendant could leverage at any time on a whim, Defendant offered to settle with some, but not all, of the remaining Plaintiffs, those being the ones who had raised complaints against Attorney General Cameron, who is now running for Governor on the Republic ticket. Once again, a politically powerful Republican's interests were defended by the Clerk, while ordinary citizens suffered. The Clerk offers no statutory or other

authority authorizing her to pick and choose which orders of the Impeachment Committee to enforce and which to ignore. Plaintiffs contend she has none.

## QUESTIONS OF FACT

A. Did the Defendant discriminate against various protected classes of individuals in the initial imposition of costs against the original Plaintiffs while holding others similarly situated harmless;

B. Did the Defendant discriminate against various protected classes of individuals by repeatedly aiding politically powerful Republicans in evading the costs imposed on them by the Impeachment Committee while maintaining the imminent threat of ruinous costs on ordinary citizens;

C. Did the Defendant intentionally threaten, harass and inflict harm on the Plaintiffs by retaliating for protected speech, in violation of the Federal Constitution;

D. Did the Defendant threaten to extort fines and charges not permitted by law;

E. Was the Defendant directed in her actions by any third party.

F. And critically: Would a reasonable government official understand that retaliating against a protected class for their political speech is a violation of clearly established First Amendment rights.

## QUESTIONS OF LAW

1. Did the applicable law permit the selective choice of parties to be saddled with costs by the Impeachment Committee, while others similarly situated were not;

2. Does the statute permit imposition of various fines and charges, not costs of the action, against citizens who raise questions of public interest before the legislature;

3. Was the selective imposition of fines a violation of the parties' Constitutional and due process rights;

4. Was the selective dismissal of only male, white, wealthy, Republican plaintiff an improper breach of due process;

5. Does the continuing threat against the female, non-white, low income and older Plaintiffs create a burden upon a fundamental right, target a protected class, or treat Plaintiffs differently from others similarly situated, without any rational basis for the difference, in violation of the parties' Constitutional rights.

## EXPECTED EVIDENTIARY OBJECTIONS

Plaintiff does not anticipate any evidentiary objections as all the items marked as Exhibits and evidence in this action are public documents.

## PENDING MOTIONS

The only pending motion is Defendant's motion to dismiss, while fails to assert (much less prove) any claim of privilege or immunity. The Plaintiffs expect that some additional motions may result if Defendant does not timely and completely, by 9/9/22, act in accordance with the Court's order on the motion to compel discovery responses.

## STATUS OF SETTLEMENT NEGOTIATIONS

Defendant has offered to settle with a few of the Plaintiffs, those being the individuals who attempted to impeach Attorney General Cameron. Defendant has not offered settlement with the Plaintiffs who attempted to impeach State Representative Goforth. Defendant has not provided a draft settlement document applicable to the claims of any of the Plaintiffs. Plaintiffs are willing to engage in meaningful settlement negotiations in a settlement conference if those are applicable to ALL the Plaintiffs and offer meaningful protections for the rights of the public.

Respectfully submitted,

*Anna Stewart Whites*

ANNA STEWART WHITES
Attorney at Law
327 Logan Street
P.O. Box 4023
Frankfort KY 40601
(502) 352-2373/FAX 352-6860
AnnaWhites@aol.com

CERTIFICATE OF SERVICE

    I hereby certify that on September 5, 2022, a copy of the foregoing was filed electronically on counsel for Defendants. Notice of this filing will be served on the Court's CM/ECF

*Anna Stewart Whites*
Counsel for Plaintiffs