<div style="border:1px solid black; padding:10px;">

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**

</div>

### 1. INTRODUCTION

Ladies and Gentlemen of the jury, now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law that is applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply the law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

I will start by explaining your duties and the general rules that apply in every civil case. Next, I will explain some of the rules that you must use in evaluating particular testimony and evidence. Then, I will explain the elements of the claims that the Plaintiffs, Kevin Glogower on behalf of the Breonna Taylor Grand Jurors, who are anonymous in this matter and protected by law, and Mike and Carol Vanwinkle are bringing against the Defendant, Melissa Bybee-Fields.. And last, I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts that you may return. Please listen carefully to everything I say.

### 2. DUTY TO FOLLOW INSTRUCTIONS

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second job is to take the law that I give you, apply it to the facts, and decide whether either Plaintiff has proven his case by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial and the instructions that I am now giving you. All of the instructions are important, and you should consider them together as a whole.

The lawyers will talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence presented to you in this case.

### 3. BURDEN OF PROOF

This is a civil case. In a civil case, the plaintiff has the burden of proving each element of his or her claims by a "preponderance of the evidence." In this case, this means that the Plaintiffs have to produce evidence which, considered in light of all the facts presented, leads you to believe that it is more likely true than not that the Defendants violated their rights and acted in violation of law.

In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposing it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

To put it differently, if you were to put the Plaintiffs' and the Defendant's evidence on opposite sides of the scales, each Plaintiff would have to make the scales tip somewhat on his side. If either Plaintiff fails to meet this burden, the verdict must be for the Defendants. If either Plaintiff succeeds in meeting this burden, then the verdict must be for that Plaintiff.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received into evidence, regardless of who may have produced them.

    **4.  CONSIDERATION OF THE EVIDENCE**

As I stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the following:

1. The sworn testimony of the witnesses; and

2. All exhibits received or admitted in evidence.

3. All facts that have been judicially noticed.

4. The language in any state law/statute and any federal law/statute

Some evidence is admitted for a limited purpose only. If I instructed you that an item of evidence had been admitted for a limited purpose, you must consider it only for that limited purpose and not for another purpose.

On occasion, I may have told you that I was taking judicial notice of certain facts or events. If so, you must accept those facts as true.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

Also, during the course of the trial, I may have occasionally made comments to the lawyers, asked questions of a witness, or admonished a witness concerning the manner in which he or she should respond to the question. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case.

You should also disregard anything you may have seen or heard while court was not in session, even if what you saw or heard was done or said by one of the parties or witnesses.

In the final analysis, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you; and except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

During the trial, I did not let you hear answers to some of the questions that the lawyers asked. I may have also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And I may have sometimes ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

     **5.**     **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water

and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one; nor does the law say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### 6.  LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. These rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. In the event that I sustained an objection and did not permit a witness to answer a question, you must not draw any inferences from that question or speculate on what the answer of the witness might have been. Remember that your decision must be based only on the evidence that you saw and heard here in court.

### 7.  CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a

witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to clearly see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to either of the Plaintiffs or ~~any of~~ the Defendant~~s~~, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, prejudice, or reason for testifying that might cause the witness to lie or to slant testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something, at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important

or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

And, ask yourself how believable the witness's testimony is in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with people.  And then decide what testimony you believe and how much weight you think it deserves.

### 8. EXPLANATION OF VERDICT FORM

Each of you has a copy of the instructions that I am now reading and attached to these instructions is a copy of the verdict form.  These will accompany you to the jury room.

The verdict form contains a series of questions called "interrogatories."  You must answer each of them in writing.  You must be unanimous as to the answer to each question.

Nothing that the Court has said in these instructions and nothing in the verdict form that has been prepared for your verdict is intended to suggest or convey in any way the verdict that the Court thinks you should return.  The verdict is the exclusive duty and responsibility of the jury.

After you have reached agreement, the jury foreperson should complete, sign, and date the verdict form. After the foreperson signs and dates the form, each juror must also sign the verdict form. To avoid confusion, you are instructed to fill in, date, and sign the copy of the verdict form contained in the brown notebook that the Marshal will give you when you leave to deliberate, rather than the verdict forms attached to your individual copies of these instructions.

Your verdict must represent the considered judgment of all jurors; in other words, it must be unanimous. In order to return a verdict for the Plaintiff or for the Defendant~~s~~ with respect to any claim, it is necessary that all jurors agree with that verdict and indicate their agreement by signing the appropriate verdict form.

Once again, if, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to my bailiff who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

9.    **ACTING UNDER COLOR OF STATE LAW**

State and federal law protect<u>s</u> citizens from <u>their constitutional or statutory rights</u> being <u>violated</u> ~~mistreated~~ by any party who is acting on behalf of a state entity. That is called "acting under color of state law." ~~This is a constitutional violation.~~

A person who is employed by the government acts "under color of law" if that person uses or misuses authority that they have because of their official position. A person may act under color of law even if they are violating a state law or policy.

To establish that the Defendant acted under color of law, Plaintiffs must prove by a preponderance of the evidence first that the Defendant reached an understanding with the state government to act a certain way and second that the Defendant did act in accordance with that direction, agreement or joint activity. [fn. *United States v. Price,* 383 US 787, 794, n. 7 (1966).]

If you find that the Plaintiffs have proven a ~~constitutional~~ violation <ins>of their constitutional or statutory rights</ins> by a preponderance of the evidence, showing that Defendant <ins>violated their constitutional or statutory rights</ins>~~mistreated them~~ or <ins>discriminated against them based on their race, ethnicity, age, or gender</ins>~~treated them differently from others~~ not of her own accord but acting under color of state law, you must find Defendant liable to the Plaintiffs.

**10.    INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE REGULATIONS, AND POLICIES**

You have heard evidence about whether Defendant's conduct complied with or violated various state statutes. The language of the law governs whether Defendant complied with it. The language should be read as a "reasonable person" would read it. You should take the law as written and should not add any extra interpretation or create a meaning for any word or phrase in the law.

**11.    PREPONDERANCE OF THE EVIDENCE**

When I say that a party must show by a preponderance of the evidence that a certain fact is true, this means that when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true. [*In re Winship,* 397 US 358, 371 (1970)]

12. **IMPOSITION OF HARM**

If you find that the Plaintiffs suffered <u>harm or was damaged</u> as a result of the actions of Defendant, ~~either acting alone or in conjunction with third parties,~~ you must find that the Defendant is liable for that harm.

13. **ELEMENTS OF THE PLAINTIFFS CLAIM**

First Element:  Injury

The Plaintiffs are arguing that they were assessed costs ~~and fines and fees~~ for bringing <u>an impeachment petition</u>~~matters of public interest~~ before the <u>Kentucky House of Representatives</u>~~Legislature~~, <u>which was determined by the House to not have merit.</u> ~~including being told to pay attorney fees for lawyers with whom they had no representation agreement.  Those charges have hung over their heads for years.~~ <u>Under state law, the</u> Defendant can, at any time, on 7 days notice, <u>bring an action in state court to seek payment of those costs, which to date she has not done</u>~~enforce payment of those ruinous charges~~.  <u>The Plaintiffs have the burden of establishing the Defendant has assessed those costs and thereby injured the Plaintiffs.</u>

Second Element: Proximate Cause

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to the plaintiff, and that the plaintiff's injury or damage was either a direct result or a reasonably probable consequence of the act or omission. <u>The Plaintiffs have the burden of establishing that the Defendant took an act, or failed to act, and that the Defendant's act or omission played a substantial part in bringing about or actually causing the injury or damage to the Plaintiffs.</u>

Third Element: Chilling of persons demanding public transparency

A "chilling" effect occurs when a state government or other action deters~~scares~~ individuals~~people away~~ from seeking~~demanding appropriate and~~ lawful behavior from their elected officials.

Fourth Element: Disparate Treatment

When similarly situated individuals ~~(like the dozens of folks who brought impeachment actions in 2020)~~ are treated differently based on their race, ethnicity, age, or gender, ~~and only a few are selected for punishment or imposition of fines,~~ that can be disparate treatment. The Plaintiffs have the burden of proving the Defendant knew the Plaintiffs' race, ethnicity, age, or gender and that the Defendant treated them differently because of one of those factors. ~~In this case, Defendant sent a bill for costs, fines and charges to only five of the many people who filed impeachments that year. Then, Defendant settled with the white, affluent Republican Plaintiffs and left the minority, non-affluent and Democratic Plaintiffs still exposed to risk. Eventually, Defendant offered to settle with the Plaintiffs who argued for impeachment of Attorney General Cameron but did not offer to settle with the other two Plaintiffs. There was no legitimate and lawful reason for this disparate treatment.~~

14. **MULTIPLE CLAIMS; MULTIPLE PLAINTIFFS/DEFENDANTS**

You must give separate consideration to each claim and each party in this case. ~~Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.~~ Although there are two plaintiffs, it does not follow that if one is successful, the other is too.

~~15.    DAMAGES~~

~~Juries are to consider, in awarding such damages, the nature of the constitutional deprivation, the magnitude of the mental distress and humiliation suffered by the plaintiffs, and any other injury caused as a result of being deprived of federally protected rights; such damages can include non-quantifiable damages in the form of mental distress, humiliation, loss of reputation, and other general pain and suffering. [*Smith v. Heath*, 691 F.2d 220 (6th Cir. 1982).]~~

### ~~16.~~ **15.** NUMBER OF WITNESSES AND EXHIBITS

In resolving disputed issues of fact, you should not permit your decision concerning any particular question to be determined merely by the number of witnesses or exhibits that one side or the other has introduced into evidence. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witnesses and which evidence you find sufficiently believable and trustworthy. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

### ~~17.~~ **16.** JURY DELIBERATIONS

It is your duty as jurors to confer with one another and to deliberate with a view to reaching an agreement, if you can do so without sacrificing your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous.

However, do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember always that you are not partisans. You are judges—impartial judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case. Do not take a firm position at the outset and then be too proud to change your position.

### ~~18.~~ 17. USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

### ~~19.~~ 18. REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## ~~20.~~ 19. NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

**Formatted:** No bullets or numbering

### ~~21.~~ 20. RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

### ~~24.~~ 21. COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. For example, do not write down or tell anyone that you are split 4-3, or 6-1, or whatever your vote happens to be. That should stay secret until you are finished.

**22.    Section 1983 – Conduct not covered by Absolute Immunity**

Under certain circumstances the government is entitled to absolute or legislative immunity. Where the actions of Defendant fell under those protections, that evidence cannot be considered in determining the damages owed to Plaintiffs. In this case, Plaintiffs have argued that the Defendant is not covered by that type of immunity for the actions complained of. ~~If you find that the Defendant engaged in wrongful conduct as asserted by the Plaintiffs, you should consider that activity as exposing Defendant to liability for Plaintiffs damages.~~

**JURY INTERROGATORIES**

**Interrogatory No. 1 – Glogower Grand Jurors**

1. Do you find by a preponderance of the evidence that the Defendant intentionally violated the constitutional rights of Plaintiffs Glogower Grand Jurors, by treating those individuals differently from other ~~similarly situated~~ individuals who filed impeachment actions <u>and based on the Plaintiffs' race, ethnicity, age, or gender</u>~~with regard to who was sent bills for legal costs and other charges~~.

    _____ YES                              _____ NO

                                                    _____
                                                    Foreperson

                                                    _____
                                                    Date

**Interrogatory No. 2 – Mike and Carol Vanwinkle**

1. Do you find by a preponderance of the evidence that the Defendant intentionally violated the constitutional rights of Plaintiffs Mike and Carol Vanwinkle, by treating those individuals differently from other ~~similarly situated~~ individuals who filed impeachment actions <u>and based on the Plaintiffs' race, ethnicity, age, or gender</u>~~with regard to who was sent bills for legal costs and other charges~~.

    _____ YES                              _____ NO

                                                    _____
                                                    Foreperson

                                                    _____
                                                    Date

**Interrogatory No. 3 – Glogower Grand Jurors**

1. Do you find by a preponderance of the evidence that Defendant <u>violated the constitutional rights of</u>~~treated~~ the Plaintiffs <u>Glogower Grand Jurors</u>~~differently from other parties~~ when the <u>Plaintiff Glogower Grand Jurors never offered to settle their claims against the</u> Defendant<u>, even though the Defendant</u> offered to enter into a settlement agreement~~did not settle~~ with the ~~the~~ Glogower Grand Jurors <u>on the same terms as with other Plaintiffs, but the Glogower Grand Jurors refused to agree to that settlement offer</u> ~~when she settled with Cooperrider~~?

    _____ YES                              _____ NO

                                                    _____
                                                    Foreperson

                                                                               _____
Date

**Interrogatory No. 4 – Mike and Carol Vanwinkle**

1. Do you find by a preponderance of the evidence that Defendant <u>violated the constitutional rights of</u><s>treated</s> the Plaintiffs <u>Mike and Carol Vanwinkle</u> <s>differently from other parties</s> when the <u>Plaintiffs Mike and Carol Vanwinkle never offered to settle their claims against the</u> Defendant <s>did not offer to settle with the VanWinkles when she settled with Cooperrider or when she offered to settle with the Glogower Grand Jurors</s>?

   _____ YES                     _____ NO

                                                       _____
Foreperson

                                                       _____
Date

**Interrogatory No. 5 - Glogower Grand Jurors**

1. Do you find by a preponderance of the evidence that Plaintiffs were <u>injured</u><s>harmed</s> by the Defendant's actions or inaction.

   _____ YES                     _____ NO

                                                       _____
Foreperson

                                                       _____
Date

**Interrogatory No. 6 - Mike and Carol VanWinkle**

1. Do you find by a preponderance of the evidence that Plaintiffs were <u>injured</u><s>harmed</s> by the Defendant's actions or inaction

   _____ YES                     _____ NO

                                                       _____

                                        Foreperson

                                        _____

Date