UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KEVIN GLOGOWER, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CASE NO. 3:21-cv-00012-GFVT |
| ) | |
| ) | |
| MELISSA BYBEE FIELDS, in her official ) | |
| Capacity as Clerk of the Kentucky ) | |
| House of Representatives ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTIONS IN LIMINE**

\*\*\* \*\*\* \*\*\* \*\*\*

Comes the Defendant, Melissa Bybee-Fields, in her official capacity as Clerk of the Kentucky House of Representatives ("House Clerk" or "Clerk"), by counsel, and for her Motions In Limine, hereby states as follows:

1. <u>Evidence on Costs Being Taxed</u>

The central allegation on which the Plaintiffs' claims rest is that they were retaliated against for filing petitions of impeachment against Attorney General Daniel Cameron and former state Representative Robert Goforth by being taxed the costs of the investigations into those petitions by the House Clerk. However, the Plaintiffs have no evidence that the House Clerk ever taxed any costs against them – because she has in fact never taxed those costs against any of the Plaintiffs. Instead, in support of this allegation, the Plaintiffs point to letters they received from the House of Representatives' Impeachment Committee documenting the costs of the investigations into the petitions. But the Kentucky statute the Plaintiffs claim is unconstitutional, KRS 63.070, clearly

states that it is the House Clerk who has the authority to tax the costs of failed petitions for impeachment, not the Impeachment Committee itself. *See* KRS 63.070(1) ("In a proceeding for impeachment or removal by address, if the committee reports against the petition and the report is not overruled by the house petitioned, the petitioner shall be liable to witnesses and to the accused for the costs of investigation before the committee. These costs shall be taxed by the clerk of the house appointing the committee."). Therefore, the letters the Plaintiffs received from the Impeachment Committee did not tax any costs, are not relevant to this action at all, and the House Clerk respectfully requests that this Court's orders reflect that the Plaintiffs are not permitted to introduce any evidence of the taxation of costs, including the letters from the Impeachment Committee, unless the evidence demonstrates the House Clerk herself taxed those costs.

2. <u>Evidence of A Clearly Established Statutory or Constitutional Right</u>

In order for the Plaintiffs to carry their burden on their claims, they must first prove the House Clerk violated their constitutional or statutory rights. *See* 42 U.S.C. § 1983. Additionally, under the qualified immunity jurisprudence, the Plaintiffs must also prove the House Clerk's conduct violated their "<u>clearly established</u> statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis added). However, the Plaintiffs cannot point to any authority showing a citizen of the Commonwealth of Kentucky has a constitutional right to file an impeachment petition with the House of Representatives. In fact, the Kentucky Constitution provides the House of Representative shall have the sole power of impeachment. KY. CONST. § 66. Additionally, even under the First Amendment jurisprudence, an individual's petition that is without merit does not enjoy First Amendment protection. In this respect, the Impeachment Committee determined the Plaintiffs' petitions did not warrant further action, thereby concluding the petitions were without merit.

Further, the Plaintiffs cannot establish a statutory violation because the statutory scheme under which they filed their petitions provides the very cost imposition provision the Plaintiffs assert has violated their rights. *See* KRS 63.070. In other words, the Plaintiffs cannot establish the Clerk violated any constitutional or statutory right, and certainly not one that was clearly established. Therefore, the House Clerk respectfully requests that this Court's orders reflect that the Plaintiffs are not permitted to introduce any evidence of the taxation of costs, which has not occurred, as proof of the violation of a clearly established constitutional or statutory right, and that the Court determine at the threshold whether a violation occurred, and even if it did, if qualified immunity applies to shield the House Clerk.

3. Evidence Offered by an Attorney on Behalf of Anonymous Plaintiffs

"It is a general rule that a complaint must state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 Fed.Appx. 630, 636, 2005 WL 14986, at *6 (6th Cir. 2005) (citing Fed.R.Civ.P. 10(a)). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Id.* (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir.2004)). In making a determination whether an exception is justified, the court may consider a number of factors, including: "whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Id.* (citing *Doe v. Porter* at 561); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2nd Cir. 2008) (providing multi-factor balancing test to determine if anonymity is warranted and permissible).

In the present case, the Plaintiffs have stated in their Proposed Witness list that attorney Glogower will testify as to the stress and strain on the anonymous grand juror petitioners and unnamed plaintiffs. However, without the actual testimony of those unnamed plaintiffs, and an ability to cross-examine them, the House Clerk will be required to proceed with insufficient

3

information to present her arguments about the fact that she has not taxed any costs against them and that they could not therefore have suffered any actual stress and strain. Additionally, allowing those parties' attorney to testify on their behalf raises questions as to the applicability of the attorney-client privilege and whether Mr. Glogower could seek to severely limit his testimony on their behalf because of the privilege, or whether it is waived – and if it is waived, if the House Clerk is entitled to Mr. Glogower's notes for possible avenues of impeachment. Further, under the multi-factor balancing test adopted by the Second Circuit, it is clear that this litigation does not involve issues that are highly sensitive or of a personal nature; these particular plaintiffs are not uniquely susceptible to harm from disclosure of their identities; and it is unclear if their identities have previously been revealed. *See Sealed Plaintiff* at 189-190.

Therefore, the House Clerk respectfully requests that this Court's orders reflect that the Plaintiffs are not permitted to proceed anonymously or to have Mr. Glogower testify on their behalf, or at the very least that any attorney-client privilege is waived and the House Clerk is entitled to receive Mr. Glogower's notes for possible impeachment material.

   4. Evidence on Rejected Settlement Offers

A central claim by the Plaintiffs is that their rights have been violated by the taxing of costs against them and that they have been treated in a disparate manner than other plaintiffs or petitioners. However, the House Clerk has offered to remove any financial or legal peril from at least the Glogower Plaintiffs by agreeing to never tax the costs against them, on the same terms as offered the Cooperrider Plaintiffs, but the Glogower Plaintiffs have flatly rejected that offer. The House Clerk respectfully requests that this Court's orders reflect that she may introduce evidence on this rejected settlement offer to show the Glogower Plaintiffs are not actually in any financial or legal peril, except by their own choosing, and/or that any alleged suffering from stress or strain

4

is merely theoretical and not supported by the facts, and/or to argue that those plaintiffs have a separate and independent motive, bias, or prejudice in their claims and testimony. *See* FRCP 408(b).

5. <u>Evidence on the House of Representatives, the Impeachment Committee, or Legislators</u>

As noted by the Court in its recent orders, the Plaintiffs have repeatedly referred to the House, the House Republican super-majority, or various activities of the Impeachment Committee or its members. However, the only named defendant in this action is the House Clerk, and any legislators enjoy absolute immunity under the Kentucky Constitution for their legislative activities. *See* KY. CONST. § 43. Additionally, because the House of Representatives has the sole power of impeachment, but the House Clerk is given the statutory authority to tax costs, it is irrelevant how the House or the Impeachment Committee proceeded in its investigations into the petitions, except to the extent that the petitions were found to not warrant further action. Therefore, the House Clerk respectfully requests that this Court's orders reflect that the Plaintiffs are not permitted to introduce evidence regarding the House of Representatives, the Impeachment Committee, or any individual members of either body.

6. <u>Evidence on Race, Ethnicity, Socio-Economic Status, or Political Affiliation</u>

The Plaintiffs have repeatedly referred to the House Clerk treating them differently than other petitioners or plaintiffs who were previously released based on those plaintiffs' race, ethnicity, socio-economic status, or political affiliation. However, there is no evidence of the House Clerk having any knowledge of any of these characteristics of the Plaintiffs or other petitioners, nor is there any evidence that the House Clerk proceeded in not taxing any costs against any party based on any of these characteristics. Thus, any statements regarding those characteristics is not relevant, is not supported by any evidence, does not concern a protected class

5

(e.g. socio-economic status or political affiliation), and is significantly more prejudicial than probative. Therefore, the House Clerk respectfully requests that this Court's orders reflect that the Plaintiffs are not permitted to introduce evidence, or make any statements in any way, regarding the Plaintiffs', or any other individual's, race, ethnicity, socio-economic status, or political affiliation.

7. <u>Evidence on Damages or Elements of Damages</u>

The Plaintiffs have not included in their prayer for relief any request for damages, and counsel for those Plaintiffs has asserted to the Court on at least one occasion that the Plaintiffs are not seeking damages.  Therefore, the House Clerk respectfully requests that this Court's orders reflect that the Plaintiffs are not permitted to introduce evidence, or make any statements in any way, regarding the Plaintiffs' alleged damages or elements of damages, including but not limited to mental anguish, stress, anxiety, tension, emotional distress, or similar damage related consequences of any alleged violation of a clearly established constitutional or statutory right.

8. <u>Evidence Related to the Grand Jury Proceedings</u>

At least the Glogower Plaintiffs have alleged that their petitions had merit because of actions taken or not taken before the Breonna Taylor Grand Jury.  However, the proceedings before the Grand Jury have no relevance to whether the House Clerk taxed or did not tax costs against the Plaintiffs herein, and whether that inaction by the House Clerk violated their clearly established constitutional or statutory rights, which are the central legal issues at the heart of their claims. Therefore, the House Clerk respectfully requests that this Court's orders reflect that the Plaintiffs are not permitted to introduce evidence, or make any statements in any way, regarding the proceedings before the Breonna Taylor Grand Jury.

9. <u>Jury Trial</u>

The Plaintiffs have not requested a jury trial. Therefore, the House Clerk respectfully requests that this Court's order reflect that this case will not be tried before a jury.

## CONCLUSION

For all of the foregoing reasons, the House Clerk respectfully requests that this Court's orders limit or prohibit the Plaintiffs from introducing evidence or making any irrelevant and inflammatory statements, and permit the House Clerk from introducing specific evidence, as fully described herein.

Respectfully submitted:

/s/ Greg Woosley_____
Gregory A. Woosley (91428)
General Counsel
Legislative Research Commission
Capitol, Room 300
700 Capitol Avenue
Frankfort, Kentucky  40601
Telephone:   (502) 564-8100
Fax:         (502) 564-6543
Email:       greg.woosley@lrc.ky.gov

*Counsel for Defendant,*
*Melissa Bybee-Fields*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2022, a copy of the foregoing Motions In Limine was filed with the court, service of which will be sent by operation of the Court's CM/ECF system to all parties or their counsel indicated on the electronic filing receipt. Parties may access the filing through the Court's CM/ECF system.

/s/ Greg Woosley_____
Gregory A. Woosley